UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Felicia Blackwood

    v.

Atrium Medical Corporation,
Maquet Cardiovascular US
Sales, LLC, and Getinge AB

In re: Atrium Medical Corp.
C-QUR Mesh Products Liability
Litigation (MDL No. 2753)

Civil No. 16-cv-379-LM
Opinion No. 2019 DNH 128

O R D E R

    Felicia Blackwood brings suit against Atrium Medical Corporation ("Atrium"), a medical device company that manufactured and sold C-QUR Mesh, and two related companies, Maquet Cardiovascular US Sales, LLC ("Maquet") and Getinge AB ("Getinge"), alleging product liability claims and violation of consumer protection laws. Blackwood's suit is part of a multi-district litigation ("MDL") proceeding involving claims that C-QUR Mesh was, among other things, defective and unreasonably dangerous and caused injury when surgically implanted for hernia repair. Her case was selected in the MDL proceeding for the Initial Discovery Pool, making it a bellwether case.

    Defendants Atrium and Maquet move to dismiss certain of Blackwood's claims asserted in her second amended complaint on the grounds that they are barred by the statute of limitations and that she has not stated an actionable claim for relief.[1] Blackwood objects, arguing that the discovery rule applies to make her claims timely and that she has alleged actionable claims.

---

[1] Getinge has filed a separate motion to dismiss in the main MDL case contending that the court lacks personal jurisdiction over it. That motion remains pending. Getinge does not join in the instant motion.

## STANDARD OF REVIEW

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## BACKGROUND

Blackwood had an open umbilical hernia repair on September 27, 2012, in Beaufort, South Carolina. The surgeon used C-QUR V patch mesh, which defendants manufactured and sold to her physicians, for the repair.

On February 27, 2013, Blackwood was treated at the hospital in Beaufort for abdominal pain, diarrhea, constipation, and reflux. She underwent an upper gastrointestinal endoscopy and a CT scan that showed "tiny recurrent fat-containing periumbilical hernia." Doc. no. 183 at ¶ 82. Because her symptoms continued, Blackwood had a "revision exploratory laparoscopy" on September 17, 2013, which included removal of the C-QUR V patch mesh. Id. Blackwood alleges that as a result of problems caused by defects in the mesh, as detailed below, she has had chronic infections, peritonitis, abdominal deformity, and nerve damage. She alleges that she cannot exert herself physically without pain.

Atrium, which designed, marketed, and sold the C-QUR V Patch mesh that was implanted into Blackwood, is located in New Hampshire. Maquet is located in New Jersey, and

Getinge is a Swedish corporation. Blackwood alleges that Maquet and Getinge are responsible for Atrium's actions and exercised control over Atrium with respect to oversight and compliance with applicable safety standards.

Blackwood alleges, among other things, that although Atrium failed to properly research and test the mesh and had been notified that the mesh was causing widespread catastrophic complications, defendants marketed and sold the C-QUR Mesh V Patch as a safe and effective product. She alleges claims for negligence (Count I); strict liability-design defect (Count II); strict liability-manufacturing defect (Count III); strict liability-failure to warn (Count IV); breach of express warranty (Count V); breach of implied warranties of merchantability and fitness of purpose (Count VI); and violation of consumer protection laws (Count VII). She seeks enhanced damages, based on defendants' knowledge of the defects in and risks associated with their products and concealing or failing to disclose those defects and risks.

## DISCUSSION

Defendants contend that Blackwood's product liability claims, Counts I through IV, and her claim for violation of consumer protection laws, Count VII, are time-barred under New Hampshire's statute of limitation, RSA 508:4, I. Defendants also argue that Count VII should be dismissed for the additional reason that the allegations in support of that count are insufficient to state a plausible claim for relief. Blackwood objects, arguing that the discovery rule extends the time for her to file her claims and that she properly pleaded her consumer protection laws claim.

I. Statute of Limitations

The parties agree that New Hampshire law provides the applicable statute of limitations, RSA 508:4, I.[2]  See TIG Ins. Co. v. EIFlow Ins. Ltd., No. 14-cv-459-JL, 2015 WL 5714686, at *3 (D.N.H. Sept. 29, 2015) (discussing circumstances under which it is appropriate for this court sitting in diversity to apply New Hampshire's statute of limitations).  "Except as otherwise provided by law, all personal actions, . . . may be brought only within 3 years of the act or omission complained of."  RSA 508:4, I.  An exception to that time limit exists

> when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

RSA 508:4, I.  If the defendant meets the initial burden of showing that the action was not brought within three years of the underlying events, to avoid dismissal, the plaintiff must show that the discovery rule or the fraudulent concealment rule applies to extend the time.  Beane v. Dana S. Beane & Co., P.C., 160 N.H. 708, 712 (2010).

---

[2] The court notes that New Hampshire's Consumer Protection Act exempts from the Act all "[t]ransactions entered into more than 3 years prior to the time the plaintiff knew, or reasonably should have known, of the conduct alleged to be in violation of this chapter."  RSA 358-A:3, IV-a.  Courts in this district are split as to whether RSA 358-A:3, IV-a is a statute of limitations or whether RSA 508:4, I provides the relevant limitations period for New Hampshire Consumer Protection Act claims. Compare Laura v. Great Lakes Higher Educ. Guar. Corp., No. 17-CV-373-JL, 2018 WL 671174, at *4 (D.N.H. Feb. 1, 2018) (noting that RSA 358-A:3, IV-a is "a three-year statute of limitations on claims brought under [New Hampshire's] Consumer Protection Act") with Lehane v. Wachovia Mortg., No. 12-cv-179-PB, 2013 WL 1637166, at *3 n.5 (D.N.H. Apr. 16, 2013) ("I apply the general three-year limitations period [in RSA 508:4, I] because § 358–A:3(IV–a) is not a statute of limitations.").  Because the court's holding as to the timeliness of Blackwood's New Hampshire Consumer Protection Act claim is the same regardless of which statute applies, the court addresses the limitations period in RSA 508:4, I only.

Defendants contend that Blackwood's product liability claims are time-barred because she went to the hospital with abdominal pain on February 27, 2013, after the C-QUR mesh product was implanted, and did not file her action until August 22, 2016, more than three years later.  Blackwood responds that she had not discovered the cause of her pain in February 2013, which is shown by the fact that she underwent <u>exploratory</u> surgery on September 17, 2013, which then included removal of the mesh product.   Doc. no. 183 at ¶ 82 (alleging that on that date, Blackwood underwent an "exploratory laparoscopy which included the removal of the aforementioned C-QUR V patch mesh").

"The district court may grant a motion to dismiss based on a defendant's affirmative defense of a statute of limitations when the pleader's allegations leave no doubt that an asserted claim is time-barred." DeGrandis v. Children's Hosp. Bos., 806 F.3d 13, 17 (1st Cir. 2015) (internal quotation marks omitted); see also Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 17 (1st Cir. 2004).  Taking Blackwood's allegations in the light most favorable to her and resolving reasonable inferences in her favor, her allegations are sufficient to leave doubt as to the timeliness of her claims in Counts I – IV and VII.  See, e.g., Bray v. Husted, 11 F. Supp. 3d 854, 859 (E.D. Ky. 2014) (denying defendant's motion for summary judgment on statute of limitations grounds in medical malpractice case where plaintiff underwent "an exploratory surgery in order to discover the cause of her harm," a fact which gives "reasonable grounds to dispute the point in time that [plaintiff] knew or should have known" the cause of her injury).  If, as the case develops through discovery, defendants find facts that support the statute-of-limitations defense, they may raise that defense at an appropriate time, such as in a motion for summary judgment.

II. Count VII

In Count VII, Blackwood alleges "violation of consumer protection laws." Doc. no. 183 at 29. She alleges that defendants have engaged in unfair competition or unfair or deceptive acts or trade practices or have made false representations in violation of (1) "South Carolina Code of Laws Title 39, including, but not limited to, S.C. Code 39-5-20"; (2) "South Carolina Code of Laws Title 15 including but not limited to S.C. Code 15-73 – 10 (2013) and Section 402A of the Restatement Second of Torts and the accompanying comments which the South Carolina legislature adopted in 1974"; and (3) "New Hampshire Consumer Protection Act (RSA 358-A)."[3]

Defendants argue that Count VII must be dismissed because the two South Carolina statutes Blackwood cites provide different claims and must be pleaded in separate counts. They also contend that there are no facts alleged in the complaint supporting Blackwood's reliance on any allegedly deceptive practice. Finally, defendants argue that the complaint does not plead specific factual allegations necessary to survive the heightened pleading requirement of Federal Rule of Civil Procedure 9(b), which applies to her consumer protection laws claim. Defendants are mistaken on all grounds.

---

[3] Although defendants raise choice-of-law arguments in their motions to dismiss in nearly every other bellwether case, they decline to do so in the instant motion. Doc. no. 184-1 at 7 n.4 ("Because Plaintiff cannot plead a claim under either South Carolina or New Hampshire's consumer protection laws, choice-of-law analysis is unnecessary."). Therefore, the court does not engage in a choice-of-law analysis and addresses only the arguments defendants assert in their motion to dismiss.

A.  Separate Counts

First, defendants argue that the court should dismiss Count VII because the two South Carolina statutes Blackwood references in the second amended complaint create distinct causes of action and cannot proceed under the same count pursuant to Federal Rule of Civil Procedure 10(b). Rule 10(b), however, provides that "If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." (emphasis added). Blackwood's consumer protection laws claim needs no clarification, and she is entitled to reference multiple statutes in support of her claim. See Fed. R. Civ. P. 8(d) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").

B.  Reliance

Next, defendants contend that there are no facts alleged in the second amended complaint that show Blackwood's reliance on any allegedly deceptive information. Defendants argue that reliance is an element of the consumer protection laws Blackwood cites in the second amended complaint. They are mistaken.

Reliance on defendants' allegedly deceptive practices is not an element under the cited consumer protection laws. See Mulligan v. Choice Mortg. Corp. USA, No. CIV. 96-596-B, 1998 WL 544431, at *11 (D.N.H. Aug. 11, 1998) (holding that for a New Hampshire Consumer Protection Act claim "to be actionable, the plaintiff need not show that he or she actually relied on the deceptive acts or practices"); see also In re MI Windows & Doors, Inc. Prod. Liab. Litig., No. 2:11-CV-00167-DCN, 2012 WL 5408563, at *5 (D.S.C. Nov. 6, 2012) (holding that to

7

maintain a claim under S.C. Code Ann. § 39-5-20, a plaintiff must show only "(1) that the defendant engaged in an unlawful trade practice; (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice; and (3) that the unlawful trade practice had an adverse impact on the public interest"); Sizemore v. Georgia-Pac. Corp., No. 6:94-2894 3, 1996 WL 498410, at *12 (D.S.C. Mar. 8, 1996) (noting that S.C. Code § 15–73–10 is a strict liability law), aff'd sub nom. Sizemore v. Hardwood Plywood & Veneer Ass'n, 114 F.3d 1177 (4th Cir. 1997). Therefore, even if Blackwood failed to plead that she relied on defendants' allegedly deceptive practices, that fact is not fatal to her consumer protection laws claim.[4]

C. Specificity

Finally, defendants contend that Blackwood's consumer protection laws claim must be dismissed because she alleges only generic allegations that defendants made misrepresentations, none of which is tethered to her specific case. They argue that the allegations in support of Blackwood's consumer protection laws claim thus fail to meet the heightened pleading requirement of Rule 9(b), which applies to such claims. See, e.g., Micronics Filtration Holdings, Inc. v. Miller, No. 18-CV-303-JL, 2018 WL 4845749, at *6 (D.N.H. Oct. 4, 2018) (noting that Rule 9(b) applies to allegations supporting a New Hampshire Consumer Protection Act claim that sound in fraud).

---

[4] Blackwood notes in a footnote that, in any event, she alleges that her physicians and others in the medical and healthcare community relied on defendants' deceptive practices. See doc. no. 186 at 18 n.9 (citing doc. no. 183 at ¶ 158). The court does not address whether that allegation would be sufficient to meet the element of reliance if it existed in New Hampshire's or South Carolina's consumer protection laws.

8

Defendants' arguments are without merit. Blackwood includes several allegations in her complaint that are sufficient to meet Rule 9(b)'s heightened pleading requirement. They include, but are not limited to, allegations that: (1) defendants intentionally misled physicians about the specific dangers of their products, doc. no. 183 at ¶ 33, ; (2) defendants adjusted the threshold or reporting and recalling the C-QUR Mesh due to nonconformities, id. at ¶ 59; and (3) defendants manipulated clinical studies to make it appear as if their products were safe when they were not, id. at 60. These allegations are sufficient at this stage of the litigation.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (document no. 184) is denied.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

August 12, 2019

cc: Counsel of Record